IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**MICHAEL EASTERLING,**

      **Plaintiff,**

v.                                            **Civil Action No.: 4:06cv124**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**ORDER AND OPINION**

The plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act ("SSA"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (c), Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by Order of Reference dated January 26, 2007, this matter was referred to United States Magistrate Judge Bradberry for a Report and Recommendation.

I. Procedural History

The Report and Recommendation of the Magistrate Judge ("Report"), filed on September 25, 2007, finds that the Administrative Law Judge's ("ALJ") March 16, 2006 determination that the plaintiff was not disabled during the time period at issue in this case is supported by substantial evidence. Accordingly, Magistrate Judge Bradberry recommended that the final decision of the Commissioner be affirmed.

The factual and procedural backgrounds of this case are fully set forth in the Magistrate Judge's Report, and therefore need not be reiterated herein.  By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within 10 days from the date the Report was mailed.  On October 5, 2007, the plaintiff filed an objection to the Report and Recommendation, asserting that the Magistrate Judge erred in concluding that the determination of the Commissioner is supported by substantial evidence in the medical record that he had the residual functional capacity to engage in light work during the relevant time period.  On October 18, 2007, the defendant filed a response brief, indicating its agreement with the Report and Recommendation.

While reviewing a magistrate judge's Report, the district judge makes a de novo determination of those portions of the Report to which objections are made.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  In addition, the district court is authorized to accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  As the Magistrate Judge properly noted, the scope of judicial review of a decision made by the Commissioner of the Social Security Administration is limited, and the Commissioner's findings will not be disturbed provided they are supported by substantial evidence and in accord with the controlling law.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992).  Substantial evidence is that "which a reasonable mind might accept as adequate to support a conclusion."  Id. (citations omitted).  Substantial evidence consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Shively v. Heckler, 739 F.2d 987, 989 (4th

Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

II. Objection to Determination that Plaintiff is Able to Engage in Past Relevant Work

The plaintiff objects to the ultimate conclusion of the ALJ that he was not under a disability during the time for which he seeks benefits.[1] The plaintiff specifically contends that the medical evidence in the record demonstrates that he was disabled and that his treating physicians had instructed him to avoid all work from January 22, 2003 until October 1, 2004. While the record indicates that his treating physicians did advise him not to work during the relevant periods of time, it appears that the ALJ did not afford significant weight to these decisions because many of them were based on the plaintiff's own complaints of pain, which the ALJ found to be less than credible. A plaintiff's subjective allegations of pain, in and of themselves, cannot support a finding of disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529, 416.929. Further, a treating physician's opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(d)(2).

Indeed, much of the medical evidence in the record to which the plaintiff points in

---

[1]The plaintiff contends that the ALJ misconstrued the nature of his claim for disability insurance benefits, in that the ALJ's decision focuses on the plaintiff's ability to work prospectively, rather than during the time period in question, January 22, 2003 until January 24, 2005. The plaintiff argues that the Magistrate Judge attempted to "cover up" the ALJ's error in concluding that the plaintiff retained the ability to perform light work for most of that time period. Although the ALJ's decision does not appear to recognize that the plaintiff is not seeking benefits beyond January 24, 2005, the date on which he returned to work, the decision does clearly indicate the ALJ's conclusion that the plaintiff was not disabled from January 22, 2003 on. Thus, there is no error in the ALJ's construction of the claim that the Magistrate Judge would be required to "cover up."

support of his claim that he had a very real disability actually demonstrates a certain skepticism from the plaintiff's physicians as to the plaintiff's actual level of pain. In an office memo dated May 2, 2003, Dr. Richard McAdam, who had performed surgery on the plaintiff's neck on March 10, 2003, noted that, although the plaintiff had complained of a raspy voice and difficulty swallowing, an examination revealed nothing specific. The memo continues "[h]is voice sounds pretty normal to me. He describes weakness in his arms, but on direct exam I do not find any motor weakness." A.R. at 160. Nonetheless, Dr. McAdam advised the plaintiff to remain out of work until he was seen again on June 6, 2003. Id. at 161. In a memo dated June 20, 2003, Dr. McAdam noted that "some of [the plaintiff's] symptoms seem to be subjective" and that a physical examination "reveals no focal defect." Id. at 156. Again, however, Dr. McAdam instructed the plaintiff to remain out of work until he had reviewed MRI films. Id. at 157. It would appear, then, that Dr. McAdam approached the plaintiff's complaints of pain with a healthy dose of skepticism, but nonetheless continued to advise the plaintiff to avoid returning to work.

In addition, the plaintiff was being treated by Dr. Helmuth Trieshmann, an orthopaedist, for various complaints of pain in his knees. A memo of Dr. Trieshmann's dated May 22, 2003 indicates that the plaintiff was being kept out of work by Dr. McAdam, but once he was cleared by Dr. McAdam to return to work, Dr. Trieshmann believed he could return to work with some restrictions on his lower extremities. Id. at 222. Further, on September 25, 2003, Dr. Trieshmann noted that, although the plaintiff had previously complained of pain in his left knee, "[e]xamination of the left knee . . . reveals almost no swelling and excellent range of motion with only slight crepitus." Id. at 217. However, the plaintiff complained of pain in his hips and lower

back, and therefore Dr. Trieshmann ordered an MRI of the lumbar spine, which showed "well-preserved disk spaces and normal alignment of the spine." Id. at 216.

On August 11, 2004, and against on September 15, 2004, the plaintiff underwent Functional Capacity Evaluations (FCEs) under the direction of Dr. Wayne McMasters, which both indicated that the plaintiff was able to return to light duty work. Id. at 299, 278. Although the plaintiff claims that the FCEs are only designed to measure the patient's capacity for work at that time, the results of the FCEs demonstrate that, as of the fall of 2004, the plaintiff was able to return to the same type of work that he had once performed.[2]

In evaluating the medical evidence, the ALJ took note of the fact that, although the plaintiff complained of "disabling" chest pain and cervical pain, the record did not support the degree of limitations alleged. The ALJ also noted the report of Dr. Mark Ross, a medical consultant to whom the plaintiff was referred by Dr. Skidmore. Dr. Ross, after examining the plaintiff and reviewing his medical records, indicated his opinion that he could not relate all of the plaintiff's pain complaints to his work related injury and noted that "[t]here also appears to be a psychological/behavioral component present." Id. at 364. In a report authored by Dr. Ross on December 1, 2004, the patient's insistence on wearing a cervical collar was described as "potentially being a psychological crutch." Id. at 367. The ALJ considered this evidence to be important and consistent with the results of the FCEs and the reports of the plaintiff's treating and examining physicians. See 20 C.F.R. § 404.1527. Accordingly, the ALJ concluded that the

---

[2]While the plaintiff argues that the results of the FCEs should not be used as evidence that he was able to perform light duty work at any point prior to the dates he underwent the FCEs, it should be noted that the record does not contain evidence that the plaintiff underwent any FCEs prior to August 11, 2004, and therefore the results should not be used as evidence that he was unable to perform light duty work before that date.

plaintiff was capable of performing past relevant work, as he had worked as a service coordinator for a power company for over twenty years.

The ALJ determined there was a lack of objective findings that would support the degree of pain alleged by the plaintiff, and that the plaintiff's allegations were, thus, not entitled to significant weight. See Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994). A plaintiff's subjective allegations of pain, in and of themselves, cannot support a finding of disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529, 416.929. And indeed, "[t]he ALJ is required to make credibility determinations - and therefore sometimes must make negative determinations - about allegations of pain or other nonexertional disabilities." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). Therefore, the degree of significance given to the plaintiff's own testimony by the ALJ was based on a proper application of the law.

Although the plaintiff was clearly unable to work at the times he was undergoing surgery and in the immediate recovery time thereafter, the ALJ concluded that the plaintiff was not under a disability after January 22, 2003. This finding was supported by substantial evidence, and therefore, the Magistrate Judge acted properly in finding that the plaintiff was not disabled during the period of time in question.

III. Conclusion

The court has thoroughly reviewed the Report and Recommendation of the Magistrate Judge and the plaintiff's objections thereto, as well as the record submitted to the Magistrate Judge, and the memoranda in support of and in opposition to the motions for summary judgment. Upon conducting a de novo review of the entire record, including the portions of the Report to which the plaintiff objects, the court finds, for the reasons stated in the Report and

Recommendation, that there is substantial evidence in the administrative record to support the Commissioner's decision denying the plaintiff's request for disability insurance benefits, and that the legal conclusions constitute a correct application of the controlling laws. See 42 U.S.C. § 405(g); Chater, 76 F.3d at 589.  Therefore, the Report and Recommendation is **ACCEPTED** in its entirety, and it is hereby **ORDERED** that the final decision of the Commissioner is **AFFIRMED**.  As a result, the plaintiff's Motion for Summary Judgment is **DENIED**, and the defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 4, 2007